**SPEARS & IMES** LLP

51 Madison Avenue
New York, NY 10010
tel  212 213-6996
fax 212 213-0849

August 19, 2021

**BY ECF**

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Bail is modified to permit travel to the District of
Connecticut.  The Court will consider on a case by case
basis specific requests for travel to the NDNY and DNJ.

SO ORDERED.
8/20/2021

*[signature]*

P. Kevin Castel
United States District Judge

Re: *United States v. Andrew Brown*, S1 20 Cr. 470 (PKC)

Dear Judge Castel:

    We respectfully write on behalf of Andrew Brown in the above-captioned case to request
a modification of the travel restrictions that are part of his bail conditions.  The Pretrial Services
Office consents to this request.  The Government consents in part but objects in part.

    Mr. Brown was arrested on July 21, 2021 and arraigned the same day before the Hon.
Magistrate Judge Katharine H. Parker on one count of conspiracy to commit wire fraud, in
violation of 18 U.S.C. § 1349, and one count of substantive wire fraud relating to the same
alleged conduct, in violation of 18 U.S.C. § 1343.  He entered a plea of not guilty and was
released on bail pending trial.  In relevant part, upon the agreement of the parties, Mr. Brown
was released on an unsecured appearance bond and his travel was restricted to the Southern and
Eastern Districts of New York, and to the District of Massachusetts and the Eastern District of
Virginia for the purpose of visiting family.

    Mr. Brown respectfully requests that the restrictions on his travel be modified so that he
can also travel to the District of Connecticut, the District of New Jersey, and the Northern
District of New York.  We have conferred with the Pretrial Services Officer who is supervising
Mr. Brown about this request, and the Pretrial Services Officer consents to the request.
The Government consents to the request with respect to the District of Connecticut, but with
respect to the District of New Jersey and the Northern District of New York, it would restrict
travel to the limited purpose of visiting family members in those districts.  The Government
would require Mr. Brown to make a separate application to the Court in each instance that he
wishes to travel to the District of New Jersey or the Northern District of New York for any
reason other than to visit family members there.

    Although this dispute with the Government is narrow, it is extremely important to Mr.
Brown.  Mr. Brown lives in Putnam County and routinely travels to nearby New Jersey and the

Northern District of New York as part of his everyday life.[1]  Among other things, Mr. Brown travels to those districts to visit family (which the Government has consented to), to drive his children and his wife to appointments, to attend extracurricular activities that his children participate in (such as one of his children's school sporting events), to visit his own friends; and for activities with a local Scout Troop which Mr. Brown led for many years and in which he still participates.  There is no realistic way for Mr. Brown to anticipate day-to-day activities such as, for example, driving one of his children to New Jersey for a date with a friend, far enough in advance that he can apply to the Court for permission each time such an occasion arises.  More importantly, there is no legal purpose being served by the Government's seeking to restrict Mr. Brown's everyday life to this extent while he is on pretrial release.

The conditions of Mr. Brown's pretrial release are governed by Title 18, United States Code, Section 3142.  There is no purpose contemplated by this statute that is furthered, at all, by disallowing Mr. Brown from traveling to locations close to his home as part of his everyday life unless he is visiting a family member.  The statute requires that a person charged with an offense be released "subject to the least restrictive further condition [further to a personal recognizance or unsecured appearance bond], or set of conditions, that [the Court] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person . . . abide by specified restrictions on . . . travel."  18 U.S.C. § 3142(c)(1)(B)(iv).  Mr. Brown poses no risk of flight and no danger to the community.  With respect to the former, his ties to the community are extreme: he has lived in the United States for his entire life; he lives in Putnam County with his wife of 25 years and two of his three children; his third child serves in the U.S. Merchant Marine with Military Sealift Command; he has no connections to or resources in foreign countries; he has no criminal record and no history of missing court appearances; he has already appeared for court in this case for a pretrial conference; and he has surrendered his passport to the Government.  With respect to danger to the community, Mr. Brown is not charged with engaging in violence of any sort, and has absolutely no criminal record.

There is no plausible argument that prohibiting Mr. Brown from traveling to New Jersey or the Northern District of New York except to visit a family member is the "least restrictive" set of conditions that will assure his appearance in court or protect the safety of the community.  Allowing Mr. Brown to visit those nearby districts does not implicate the objectives of Section 3142.  During our conferral with the Government about Mr. Brown's request, the Government did not make reference to either the risk of flight or danger to the community, but rather, justified its position by stating that it did not want to treat Mr. Brown differently from other similarly situated defendants on pretrial supervision.  The Government provided no examples of similarly situated defendants who have made similar requests and had them denied,[2] but in any event,

---

[1] By contrast, Mr. Brown's reasons for traveling to the District of Massachusetts and the Eastern District of Virginia are to provide care for his parents and to visit his son, respectively; he is not seeking broader permission to travel in those districts.

[2] The concern that the Court and the Government shared with respect to the recent request by Mr. Brown's co-defendant in this case to travel to Las Vegas to participate in a billiards tournament,

every defendant must be judged individually for purposes of determining what the least restrictive set of conditions is that will ensure his appearance in court and protect the safety of the community.  Nothing is being accomplished by limiting Mr. Brown's travel in the tristate area surrounding his home to family visits, other than the punitive effect of making it more difficult for Mr. Brown to function as a normal member of his family and his community during the period of his pretrial release.  That is not a basis for restricting Mr. Brown's local travel, and it is unnecessarily restrictive in this case, particularly in light of the consent of the Pretrial Services Office.

For the foregoing reasons, we respectfully ask that Mr. Brown's conditions be modified to allow him to travel to the District of Connecticut, the District of New Jersey, and the Northern District of New York without additional restrictions relating to those districts.

Respectfully submitted,

_____/s/_____
Max Nicholas
Reed Keefe
Attorneys for Andrew Brown

---

which we understand to relate to the potential dissipation of assets due to the cost of such a trip, does not apply to Mr. Brown's request for permission to engage in routine local travel.